ELAN J. DUNAEV, ESQ. (SBN 310060)
ejdunaevesq@gmail.com
2801 Kelvin Avenue, Suite 551
Irvine, California 92614
Telephone: (949) 683-3460

Attorney for Plaintiff,
**DUNN ENTERPRISES, INC. DBA ICETOWN**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNN ENTERPRISES, INC. DBA ICETOWN, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; CITY OF RIVERSIDE, a California Governmental Agency; COUNTY OF RIVERSIDE, a California Governmental Agency,<br><br>Defendants. | CASE NO.: 5:21-cv-00048<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES** |

COMES NOW, Plaintiff, DUNN ENTERPRISES, INC. DBA ICETOWN ("Icetown") complains and alleges the following causes of action against Defendants, GAVIN NEWSOM ("Newsom"), CITY OF RIVERSIDE ("City"), and COUNTY OF RIVERSIDE ("County") (also collectively referred to as "Defendants"):

### INTRODUCTION

1. From the outset of the Covid-19 pandemic in March of 2020, the State of California ("State"), as well as local city and county governments, instituted

several state-wide orders (the "Orders") in an attempt to stop the spread of Covid-19. Such Orders have infringed upon Californians' most basic civil rights and liberties granted to them by the United States Constitution such as the right to work and earn a living for their families. This lawsuit challenges the constitutionality of Defendants' Orders, as well as challenges the way such Orders have been applied and enforced by the State, City, and County.

2. If Defendants' Orders are permitted to stand and be applied in the manner the State, City, and County have been proceeding, Icetown's rights under the United States Constitution will continue to be violated and continue to cause insurmountable economic damage to Icetown. Based on the current Orders, Icetown has been deemed a "non-essential" business who must shut down while other businesses, such as large big-box retailers, have been deemed "essential" and may remain open and operational. In addition, specifically relating to training/ice/roller skating facilities, Icetown has been forced to shut down while almost every other training/ice/roller skating facility in Southern California currently remains open.

3. Icetown brings this lawsuit challenging the constitutionality of Defendants' Orders, which have deprived it of basic rights and civil liberties afforded to it under the United States Constitution. Specifically, Icetown seeks (1) equitable and injunctive relief to enjoin the enforcement of Defendants' Orders; (2) declaratory relief from this Court declaring that Defendants' Orders violate Icetown's civil rights and liberties under 42 U.S.C. § 1983 of the Federal Civil Rights Act, as well as the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution; (3) attorney's fees and costs for the work done by Icetown's counsel in connection with this lawsuit in an amount according to proof; and (4) for such other and further relief as the Court deems just and appropriate.

///

///

## JURISDICTION AND VENUE

4. This lawsuit arises under 42 U.S.C. § 1983 in relation to Defendants' infringement upon Icetown's constitutional rights to be afforded Due Process and Equal Protection under the Fifth and Fourteenth Amendments of the United States Constitution. Therefore, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 & 1343. Furthermore, this Court has the authority to award the requested declaratory relief under 28 U.S.C. § 2201, the requested injunctive relief under 28 U.S.C.§ 1343, and attorney's fees and costs under 42 U.S.C. § 1988.

5. The Central District of California is the appropriate venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1) & (2) as it is the District where Defendants maintain offices, conduct substantial government work, exercise their authority, and is the District where Defendants have put the Orders in place and continue to attempt to enforce them.

## PARTIES

6. Icetown, at all relevant times, is a California Corporation registered and authorized to do business in the State of California, with its principal place of business located in the county and city of Riverside. Icetown is a training facility which contains training/gym equipment, as well as two sheets of ice for both figure skating and ice hockey training. Icetown employs approximately twenty-three (23) employees who have all been laid off since Newsom instituted his Orders.

7. Newsom has been named as a Defendant in this action in his official capacity as the Governor of California. California Constitution Article V, § 1 provides that Newsom has the supreme executive power of the State to ensure that the law is faithfully executed. Newsom signed Executive Order N-33-20 on March 19, 2020, and the State of California signed a Regional Stay at Home Order on December 3, 2020.

///
///

3
COMPLAINT

8. City, at all relevant times, is a California Governmental Agency operating in the State of California, County of Riverside, City of Riverside, and is directly responsible for enforcing the Orders upon which are at issue in this lawsuit.

9. County, at all relevant times, is a California Governmental Agency operating in the State of California, County of Riverside, and is directly responsible for enforcing the Orders upon which are at issue in this lawsuit.

## FACTUAL ALLEGATIONS

10. On March 19, 2020, in response to the threat of emergence of Covid-19, Newsom issued Executive Order N-33-20 ("Executive Order") which mandated that all individuals living in the State of California were to stay home or at their place of residence except as needed to maintain continuity of operations of what had been deemed as federal critical infrastructure. A true and correct copy of the Executive Order is attached hereto as **Exhibit 1**.

11. Newsom's Executive Order stated that businesses who had been identified and labeled as critical infrastructure sectors, which meant that they were considered so vital that ceasing their operation would have an effect on security, the economy, and/or public health, could remain open during the Covid-19 pandemic because of the importance of these businesses to the health and well-being of the State of California.

12. Newsom declared that the Executive Order was being issued to protect the public health of Californians and that the goal was to "bend the curve," and disrupt the spread of the virus. In doing so, Newsom instructed the Office of Emergency Services to take all necessary steps to ensure compliance with the Executive Order and that the Executive Order was enforceable pursuant to California Law.

13. As a result of Newsom's Executive Order, businesses which were not considered critical infrastructure sectors, such as Icetown, were deemed "non-essential" and were ordered to shut down all operations, while businesses deemed

1  "essential" by State and local governments were permitted to continue operations.
2  Due to the fear of facing harsh fines, and even imprisonment threatened by the State,
3  City, and County, Icetown shut down the operations of its business as of March 19th
4  to comply with the Executive Order.

5        14.    On or about May 7, 2020, as the curve of the Covid-19 virus was
6  "bending," which was the goal instituted by Newsom and government leaders all
7  across the Country, Newsom announced that he would begin modifying the
8  Executive Order to begin reopening California under what was described at the time
9  as a roadmap which set forth a four-tiered system for reopening California.

10        15.    As time passed and substantial medical advancements, treatments, and
11  therapeutics had been developed to control the Covid-19 virus and "bend the curve,"
12  Newsom announced that businesses in California could begin to reopen under
13  specific guidelines and restrictions. Based on guidance from the State, Icetown
14  reopened limited operations in July of 2020 as gyms, fitness centers, and training
15  facilities were permitted to reopen if proper protocols were put in place.

16        16.    When Icetown resumed operations, maximum capacity was limited to
17  ten percent (10%) to comply with the State's orders and ensure social distancing as
18  recommended by the Center for Disease Control and Prevention ("CDC"). In
19  addition, Icetown required all customers and employees to wear masks, many
20  touchless hand sanitizers were installed throughout the building, as well as touchless
21  hand soap and paper towel dispensers were installed for the health, safety, and well-
22  being of Icetown's customers and employees. Furthermore, enhanced cleaning
23  procedures were instituted as all bathrooms were disinfected every hour, as well as
24  all high touch areas such as door handles, cap rails around the sheets of ice, and
25  benches where athletes sit were disinfected after every event. All seating areas,
26  arcade games, drinking fountains, ATM's, and showers were closed off to prevent
27  the spread of the Covid-19 virus while operating Icetown's business.
28  ///

17. On or about August 28, 2020, as Newsom announced California's new reopening plan called "The Blueprint for a Safe Economy" (the "Blueprint")[1]. The Blueprint became effective on August 31, 2020, which set forth four color tiers to categorize each particular county in California. Depending on what color the county where your business is located in would mandate whether you could operate your business, and under specific restrictions which were placed on such category of businesses.

18. On September 10, 2020, in an attempt to once again shut down the operations of Icetown, City filed a lawsuit against Icetown for Nuisance in the Riverside County Superior Court, as well sought a Temporary Restraining Order ("TRO") and Preliminary Injunction. On September 14, 2020, City's request for a TRO was granted and Icetown's business was once again shutdown as of that date.

19. With the threat of facing an award of substantial damages, as well as attorney's fees and costs in favor of the City, Icetown had no choice but to stipulate to both a preliminary and permanent injunction. At the time of stipulating to the injunction, Icetown had already incurred nearly half a million dollars in debt from rent, utilities, and other related expenses due to the Covid-19 pandemic. Based on that, Icetown could not afford to take the chance of the City being awarded damages, attorney's fees, and costs on top of the debt it had already incurred as a result of the Orders.

20. After Icetown stipulated to the injunction, Icetown learned that nearly every other training facility/ice/roller rink in Southern California remains open and are continuing their operations while Icetown has been forced to shut down due to the legal proceedings filed by the City. It is clear that Icetown has been targeted by the State, County, and City and is being treated unfairly and different from other businesses which fall in the same category as Icetown.

---

[1] www.covid19.ca.gov/safer-economy/

21. On December 3, 2020, the State of California signed a new Regional Stay at Home Order (the "Regional Order") which states that if a region's ICU availability fell below fifteen percent (15%), then once again certain businesses would be classified as being permitted to continue their business operations while others must once again shut down with the threat of fines, losing business licenses, and potentially imprisonment. A true and correct copy of the Regional Order is attached hereto as **Exhibit 2**. The Regional Order went into effect in Southern California on December 6th and pursuant to the order, Icetown is not permitted to resume its operations and must remain shut down.

22. Taken together, the fact that Icetown is being targeted and treated unfairly by the State, County, and City, as well as due to the new Regional Order, this has caused catastrophic damage to Icetown. As a result, Icetown has and will continue to face vast difficulties with respect to their financial obligations, and face a very real threat to the survival of its business.

23. While some businesses which have been deemed "essential" continue to operate and turn profit during this time, as well as businesses which are identical to Icetown continue to operate and have not been unfairly targeted as Icetown has, Icetown has been decimated at the hands of government overreach and unconstitutionally restrictive orders that have been passed and enforced by Defendants.

24. Based on the above, Icetown complains against Defendants, and each of them, for violation of the Federal Civil Rights Act, 42 U.S.C. § 1983 ("FCRA"), to declare and enjoin the enforcement of Newsom's December 3, 2020, Regional Order, as well as the Blueprint which will remain in place once the Regional Order is terminated (collectively referred to as "Regional Order/Blueprint").

25. 42 U.S.C. § 1983 was enacted "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S.

158, 161 (1992); Carey v. Piphus, 435 U.S. 247, 254-257 (1978). "A claim under 42 United States Code section 1983 may be based on a showing that the defendant, acting under color of state law, deprived the plaintiff of a federally protected right." Modacure v. B&B Vehicle Processing, Inc., 30 Cal.App.5th 690, 693 (2018).

26.  Icetown has standing to bring Section 1983 claims since they are an aggrieved in fact business that is the subject of enforcement of the overbroad and unconstitutional Regional Order/Blueprint which has had the effect of obliterating Icetown's business at no fault of their own. The Regional Order/Blueprint set forth and enforced by the State, County, and City deprive Icetown of its constitutional right and liberty to run its business.

27.  The Regional Order/Blueprint is in violation of 42 U.S.C. § 1983 as the enforcement of these orders by Defendants should be enjoined due to the following reasons:

    a. The Regional Order/Blueprint violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it unconstitutionally and disparately applies one set of rules to businesses which have been arbitrarily deemed "essential" versus all other businesses such as Icetown which have been deemed "non-essential," and must close pursuant to the orders. In addition, Icetown is being treated differently than other, identical, training facilities/ice/roller rinks in Southern California as it is the only such business which has been forced to shut down via a government instituted lawsuit. Icetown contends that all businesses are "essential" to the health, welfare, and well-being of its citizens, as each business is essential to each respective business owner to provide for their families. Furthermore, the goal being attempted to achieve by Defendants could be accomplished through less restrictive means.

b. The Regional Order/Blueprint amounts to a "partial" or "complete" taking in violation of the Takings Clause of the Fifth Amendment of the United States Constitution in that the refusal to permit Icetown to operate its business constitutes a regulatory taking of private property, for a public purpose, without providing compensation to Icetown. Additionally, The Regional Order/Blueprint violates the Takings Clause of the Fifth Amendment of the United States Constitution in that the refusal to permit businesses that have been deemed "non-essential" to continue to operate constitutes an irrational and arbitrary law which bears no rational basis to a valid government interest. The belief that the ordered shutdown of businesses deemed "non-essential" is necessary to decrease the spread of Covid-19 is an unconstitutional infringement on Icetown's civil rights and liberties afforded by the United States Constitution. Such government ordered shutdowns have had a devastating and crippling effect on "non-essential" businesses, such as Icetown.

c. The Regional Order/Blueprint also violates the Substantive and Procedural Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

28. The Regional Order/Blueprint is not narrowly tailored to further a compelling government interest, as required by law. Defendants have made many exemptions to the Regional Order/Blueprint to allow "essential" businesses to continue operations and permit mass gatherings for the purposes of protesting. If such activities are permitted by Defendants, then Icetown should be permitted to operate its business as well in a safe manner while abiding by all protocols and guidelines set forth by the CDC.

29. Unless injunctive relief is granted by this Court, Icetown will continue to suffer irreparable harm for which it is left without an adequate remedy at law, in

that it is subject to criminal penalties, fines, and the potential loss of its business license based on the Regional Order/Blueprint.

### FIRST CLAIM FOR RELIEF

### (Violation of The Due Process Clause of The Fourteenth Amendment of The United States Constitution Against Defendants)

30. Icetown re-alleges and incorporates herein by reference each and every allegation in the above paragraphs as though fully set forth herein.

31. Icetown has a fundamental property interest in conducting its lawful business which is protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

32. The Regional Order/Blueprint and enforcement of such violate Icetown's substantive due process rights afforded to it by the Fourteenth Amendment of the United States Constitution. The Due Process Clause of the Fourteenth Amendment states that "no State shall deprive any person of life, liberty, or property, without due process of law." The fundamental right and liberties protected by the Due Process Clause of the Fourteenth Amendment include most of the rights enumerated in the Bill of Rights. Duncan v. Louisiana, 391 U.S. 145, 147-149 (1968). Additionally, these rights and liberties extend to personal choices which are central to individual dignity and autonomy. Eisenstadt v. Baird, 405 U.S. 438, 453 (1972); Griswold v. Connecticut, 381 U.S. 479, 484-486 (1965).

33. Icetown was not provided with a constitutionally adequate hearing to present a case for it to not be shut down by State and Local governments. Since the Regional Order/Blueprint deprives Icetown of its constitutional civil rights and liberties, it is required by law that Icetown be afforded the opportunity to show why it would be able to operate within the confines of the CDC guidelines, or decide for themselves to cease operations if they would be unable to comply with such

guidelines. Rather, Icetown was shut down by Defendants without any such opportunity.

34. Defendants failed to comply with the procedural and substantive requirements of the United States Constitution by failing to provide Icetown with an opportunity to make a case as to (1) why the Regional Order/Blueprint is unconstitutional and (2) why Icetown should be permitted to continue its operations just as those businesses deemed "essential."

35. Icetown was directly and proximately deprived of their property and ability to lawfully operate its business due to unconstitutional overreach by the government as the Regional Order/Blueprint was made in a procedurally deficient and substantively unlawful manner.

36. Icetown was also directly and proximately deprived of their property without a substantive due process of law, which is a violation of the Fourteenth Amendment of the United States Constitution, due to the fact that Defendants' decision to order the shutdown of Icetown was made in reliance on an arbitrary interpretation of the Constitution and related laws.

37. Icetown has no adequate remedy at law and will suffer serious irreparable harm to its constitutional rights unless Defendants are enjoined from implementing and enforcing the Regional Order/Blueprint.

38. Pursuant to 42 U.S.C. §§ 1983 & 1988, Icetown is entitled to declaratory relief, as well as preliminary and permanent injunctive relief invalidating and restraining enforcement of the Regional Order/Blueprint.

39. Icetown was forced to engage the services of private counsel to vindicate its rights under the law, and, therefore, Icetown is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

///
///
///

## SECOND CLAIM FOR RELIEF

## (Violation of The Equal Protection Clause of The Fourteenth Amendment of The United States Constitution Against Defendants)

40. Icetown re-alleges and incorporates herein by reference each and every allegation in the above paragraphs as though fully set forth herein.

41. The Fourteenth Amendment of the United States Constitution acts as a constitutional guarantee that all individuals or groups will be treated equally and afforded equal protection under the law which is enjoyed by similar individuals or groups. Specifically, individuals or groups which are similarly situated must be similarly treated. Equal protection is extended when the rules of law are equally applied in all like cases based on similar circumstances.

42. The Regional Order/Blueprint and enforcement of such violates the Fourteenth Amendment of the United States Constitution. The Fourteenth Amendment states that "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection Clause requires the government to treat individuals and groups impartially, rather than render arbitrary decisions in comparing businesses on certain aspects which are not related to a legitimate government interest.

43. Defendants have arbitrarily and intentionally classified some businesses as "essential" and "non-essential." Based on such classifications, businesses which have been deemed "essential" are permitted to continue their operations, while "non-essential" businesses must shut down.

44. In addition to classifying some businesses as "essential" versus others "non-essential," Defendants are treating other businesses which are identical to Icetown (training facilities/ice/roller rinks) differently as nearly every other training facility/ice/roller rink in Southern California remains open and operational, and

Icetown is the only such business which has been targeted by State or Local governments via legal proceedings to shut down its operations.

45. Strict scrutiny under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution applies where the classification infringes upon a fundamental right, including the right to due process, right to travel, and right to earn a living. Since such fundamental rights are being infringed upon here, Defendants must satisfy strict scrutiny.

46. Defendants cannot satisfy strict scrutiny as their arbitrary classifications are not narrowly tailored to achieve compelling government interests based on the facts stated above.

47. Icetown has no adequate remedy at law and will suffer serious irreparable harm to its constitutional rights unless Defendants are enjoined from implementing and enforcing the Regional Order/Blueprint.

48. Pursuant to 42 U.S.C. §§ 1983 & 1988, Icetown is entitled to declaratory relief, as well as preliminary and permanent injunctive relief invalidating and restraining enforcement of the Regional Order/Blueprint.

49. Icetown was forced to engage the services of private counsel to vindicate its rights under the law, and, therefore, Icetown is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

### (Violation of The Fifth Amendment of The United States Constitution Right to Travel Against Defendants)

50. Icetown re-alleges and incorporates herein by reference each and every allegation in the above paragraphs as though fully set forth herein.

51. The Supreme Court has "acknowledged that certain unarticulated rights are implicit in enumerated guarantees…Yet these important but unarticulated rights have nonetheless been found to share constitutional protection in common with

explicit guarantees." <u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555, 579-580 (1980).

52. "The right to travel is a part of the liberty which the citizen cannot be deprived without the due process of the law under the Fifth Amendment." <u>Kent v. Dulles</u>, 357 U.S. 116, 127 (1958). Furthermore, "[f]reedom of movement is kin to the right of assembly and to the right of association. These rights may not be abridged." <u>Aptheker v. Secretary of State</u>, 378 U.S. 500, 520 (1964); <u>De Jonge v. Oregon</u>, 299 U.S. 353 (1937). "Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage." <u>Kent</u> at 126.

53. The Supreme Court stated that the reason the right to travel is considered fundamental is because "[f]reedom of movement, at home and abroad, is important for job and business opportunities – for cultural, political, and social activities – for all the commingling which gregarious man enjoys." <u>Aptheker</u> at 519-520. "Travel abroad, like travel within the country, may be necessary for a livelihood. It may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." <u>Kent</u> at 126.

54. Despite being in a state of emergency due to the Covid-19 pandemic, individuals do not lose their rights and liberties afforded to them by the United States Constitution. "We…place our faith in [the liberties we enjoy], and against restrain, knowing that the risk of abusing liberty so as to give rise to punishable conduct is part of the price we pay for this free society." <u>Aptheker</u> at 520.

55. When a government order infringes upon fundamental rights such as the right to travel, it is subject to strict scrutiny and can be justified only if it furthers a compelling government purpose and if no less restrictive means are available. <u>Memorial Hospital v. Maricopa County</u>, 415 U.S. 250, 257-258 (1974); <u>Dunn v. Blumstein</u>, 405 U.S. 330, 339-341 (1972); <u>Shapiro v. Thompson</u>, 394 U.S. 618, 660 (1969); <u>Maher v. Roe</u>, 432 U.S. 464, 488 (1977).

56. The Regional Order/Blueprint provide that Icetown must cease operations of its business. Mandating that Icetown refrain from conducting its business operations, despite Icetown having the ability to do so in compliance with the guidelines set forth by the CDC, violates Icetown's Constitutional right to travel.

57. Unless Defendants are enjoined from enforcing the Regional Order/Blueprint, Defendants will act under color of state law to deprive Icetown of its Constitutional afforded right to travel under the Due Process Clause of the United States Constitution.

58. Icetown has no adequate remedy at law and will suffer serious irreparable harm to its constitutional rights unless Defendants are enjoined from implementing and enforcing the Regional Order/Blueprint.

59. Pursuant to 42 U.S.C. §§ 1983 & 1988, Icetown is entitled to declaratory relief, as well as preliminary and permanent injunctive relief invalidating and restraining enforcement of the Regional Order/Blueprint.

60. Icetown was forced to engage the services of private counsel to vindicate its rights under the law, and, therefore, Icetown is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF

(Violation of The Takings Clause of The Fifth Amendment of The United States Constitution Against Defendants)

61. Icetown re-alleges and incorporates herein by reference each and every allegation in the above paragraphs as though fully set forth herein.

62. The Supreme Court has held that "the Fifth Amendment…was designed to bar Government from forcing people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Armstrong v. United States, 364 U.S. 40, 49 (1960).

63. The California Supreme Court has held that "[w]hile the police power is very broad in concept, it is not without restrictions in relation to the taking of

1  damaging of property.  When it passes beyond proper bounds in its invasion of
2  property rights, it in effect comes within the purview of the law of eminent domain
3  and its exercise requires compensation." House v. Los Angeles County Flood
4  Control District, 25 Cal.2d 384 (1944).

5       64.    In House, the court ruled that the only situations where compensation
6  was not required was when (1) a building was destroyed in front of a fire to create a
7  fire break, (2) destroying a diseased animal, (3) destroying a rotten fruit, or (4)
8  destroying an infected tree.  In our case here, none of the examples in House apply.

9       65.    The Regional Order/Blueprint requires for Icetown to completely shut
10 down its business operations in an attempt to prevent the spread of Covid-19.  Such
11 order completely and unconstitutionally deprives Icetown of all economically
12 beneficial use of its business without just compensation, which is a violation of the
13 United States Constitution.

14      66.    Although the government's police power is granted and reserved to the
15 States via the Tenth Amendment of the United States Constitution, it is not
16 constitutionally unlimited. Euclid v. Ambler Realty Company, 272 U.S. 365 (1926).
17 In California, the Constitution gives this power to cities and counties which means
18 that these agencies have the power and authority to make and enforce laws to protect
19 the health and safety of citizens provided that such laws do not conflict with State
20 laws. Cal. Const. Article XI § 7; Miller v. Board of Public Works, 195 Cal. 477
21 (1925).  Despite having such power, a government's police power is restricted by
22 Constitutional considerations, including the Fifth Amendment's Taking's Clause, as
23 well as the Due Process and Equal Protection Clauses.

24      67.    The Regional Order/Blueprint and enforcement of such amounts to a
25 complete and total physical and regulatory taking of Icetown's property (i.e.
26 business) without providing compensation in violation of the Takings Clause of the
27 Fifth Amendment of the United States Constitution.  If this Court believes that the
28 Regional Order/Blueprint does not amount to a complete taking, the order does, at

16
COMPLAINT

minimum, constitute a partial taking. <u>Penn Central Trans. Co. v. City of New York</u>, 438 U.S. 104, 124 (1978). The Regional Order/Blueprint has caused proximate and legal harm to Icetown as it is in violation of the Takings Clause of the Fifth Amendment of the United States Constitution.

68. Icetown has no adequate remedy at law and will suffer serious irreparable harm to its constitutional rights unless Defendants are enjoined from implementing and enforcing the Regional Order/Blueprint.

69. Pursuant to 42 U.S.C. §§ 1983 & 1988, Icetown is entitled to declaratory relief, as well as preliminary and permanent injunctive relief invalidating and restraining enforcement of the Regional Order/Blueprint.

70. Icetown was forced to engage the services of private counsel to vindicate its rights under the law, and, therefore, Icetown is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Icetown prays for an order and judgment against Defendants as follows:

(1) Issue a declaratory judgment as follows:
    a. Declaration that Newsom's December 3, 2020 Regional Order is null and void, of no effect, and unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution.
    b. Declaration that Newsom's August 28, 2020 Blueprint is null and void, of no effect, and unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution.

(2) Set aside and hold unlawful the Regional Order and Blueprint;

(3) Permanently enjoin Defendants and all individuals and entities in active concert or participation with Defendants from enforcing the Regional Order and Blueprint;

(4) Issue a Temporary Restraining Order and Preliminary Injunction preventing Defendants from enforcing or implementing the Regional Order and Blueprint until this Court decides the merits of this lawsuit;

(5) Award Icetown damages arising out of its 42 U.S.C. § 1983 claims according to proof;

(6) Award Icetown the reasonable value of the loss of its business due to Newsom's Executive Order, Regional Order, and Blueprint pursuant to Cal. Gov. Code § 8572;

(7) Award Icetown its costs and attorney's fees incurred in this action; and

(8) Grant all other such relief as the Court may deem just and proper.

Dated: January 12, 2021   **ELAN J. DUNAEV, ESQ.**

By: /s/ *Elan J. Dunaev*
Elan J. Dunaev
Attorney for Plaintiff,
**DUNN ENTERPRISES, INC. DBA ICETOWN**

## DEMAND FOR JURY TRIAL

Icetown hereby demands trial by jury in this matter.

Dated: January 12, 2021   **ELAN J. DUNAEV, ESQ.**

By: /s/ *Elan J. Dunaev*
Elan J. Dunaev
Attorney for Plaintiff,
**DUNN ENTERPRISES, INC. DBA ICETOWN**